# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Terrance Christopher; T.C., Jr., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>Clark County; Las Vegas Metropolitan Police Department; The Animal Foundation,<br><br>Defendants. | Case No. 2:25-cv-01500-RFB-DJA<br><br>**Order** |

    Pro se Plaintiff Terrance Christopher filed an application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 1). However, Christopher's application is missing certain information. Christopher has also not filed an application for T.C. to proceed *in forma pauperis*. The Court thus denies Christopher's application without prejudice.

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

    The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status." *Anderson v. California*, No. 10-cv-2216-MMA-AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010). Pursuant to 28 U.S.C. § 1915(a), a party seeking to proceed IFP must submit an affidavit declaring that "the person is unable to pay" Court costs. In addition, "where leave to proceed *in forma pauperis* is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian ad litem should be considered in determining ability to pay the costs of litigation." *Cottingham for Washington v. Bd. of Educ. of Emery Unified Sch. Dist.*, No. C-93-0824-DLJ, 1993 WL 79698, at *1 (N.D. Cal. Mar. 15, 1993) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Maryland 1978)); *Chavez v. Loma Linda Med. Ctr.*, No. 5:22-cv-01268-SSS-SHK-X, 2022 WL 19827571, at *2 (C.D. Cal. Aug. 1, 2022)

On his application, Christopher does not respond to question 1, even to explain that it does not apply to him. He only partially responds to question 2, by stating that he makes $2,000.00 in gross pay monthly and takes home $1,800.00 of that. But Christopher does not explain whether he is employed or provide his employer's name or address. Christopher does not respond at all to question 3. In response to question 6, Christopher claims to pay $2,200.00 per month, but does not explain what he pays that amount towards each month. For example, he does not explain whether that amount constitutes rent, utilities, food, transportation, or some combination of expenses. Christopher claims that he is "currently evicted," but includes an address on the

docket, which address public records reveal is a house. Christopher also lists "[d]og breeding/care expenses" in response to question 6, but does not provide an estimated amount of those monthly expenses. Instead, he states that the amount varies monthly. The Court therefore finds that Christopher has omitted information from the application. As a result, the Court cannot determine whether Christopher qualifies for *in forma pauperis* status.

Additionally, T.C., a minor, is also listed as a Plaintiff. It is unclear whether Christopher is bringing this action on T.C.'s behalf. Christopher lists T.C. as a dependent in response to question 7, but does not explain how much he contributes to T.C.'s support or whether T.C. contributes any money to the household income. Because T.C. is listed as a Plaintiff, the Court must consider both T.C.'s financial resources—if any—and Christopher's. So, along with submitting a renewed application on his own behalf, Christopher must fill out a separate *in forma pauperis* application for T.C. Finally, the Court informs Christopher that under Federal Rule of Civil Procedure 5.2, filings that include the names of minor children may only include the minor's initials.

The Court will give Christopher one opportunity to file two complete *in forma pauperis* applications—one for himself and one for T.C. The Court further orders that Christopher may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Christopher also may not leave any questions blank. Christopher must describe each source of money that he and/or T.C. receives, state the amount received, and what they expect to receive in the future.

The Court denies Christopher's *in forma pauperis* application without prejudice. The Court gives Christopher 30 days to file the updated applications. Christopher must fully answer all applicable questions and check all applicable boxes. Christopher may alternatively pay the filing fee in full. Since the Court denies Christopher's application, it does not screen the complaint at this time.

///

///

///

**IT IS THEREFORE ORDERED** that Christopher's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Christopher has until **November 6, 2025,** to file two updated applications to proceed *in forma pauperis*[1] (one for himself and one for T.C.) as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Christopher a copy of this order.

DATED: October 7, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.