# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Terrance Christopher; and T.C., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>Clark County, et al.,<br><br>Defendants. | Case No. 2:25-cv-01500-RFB-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff Terrance Christopher is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 7). Christopher has also filed an application on behalf of minor Plaintiff T.C. (ECF No. 6). Plaintiffs have submitted an amended complaint. (ECF No. 8). Because the Court finds that both Plaintiffs' applications are complete, it grants the applications to proceed *in forma pauperis*. The Court screens Plaintiffs' amended complaint and not the original because an amended complaint supersedes the original.[1] On screening, the Court dismisses Plaintiffs' complaint without prejudice and with leave to amend.

**I.      *In forma pauperis* application.**

Plaintiffs filed the affidavit required by § 1915(a). (ECF Nos. 6, 7). Christopher explains that he is currently unemployed and the income from his former employment does not far exceed his monthly expenses. T.C. is eight and does not make any income. So, the Court finds that Plaintiffs have shown an inability to prepay fees and costs or give security for them. Accordingly, the requests to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiffs' complaint.

---

[1] As a general rule, an amended complaint supersedes the original complaint, rendering it without legal effect. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).

## II.      Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening the complaint.**

Plaintiffs sue Clark County, the Las Vegas Metropolitan Police Department, the Clark County Department of Family Services, the Animal Foundation, LVMPD Officer K. Rivera, LVMPD Officer R. Zavala, LVMPD Officer K. Reynolds, LVMPD D. Villegas, LVMPD Officer M. Moutafov, LVMPD Officer Z. Yates, LVMPD Officer K. Jones, LVMPD Officer Bright, and Detective R. Butler, Animal Control Officer Arizbeth Rodriguez, Animal Control Officer A. Acevedo, Animal Control Officer Avanzo, and Deputy District Attorney Marc DiGiacomo. Plaintiffs bring claims for illegal search and seizure in violation of the Fourth Amendment, illegal arrest in violation of the Fourth Amendment, violation of due process in violation of the Fourteenth Amendment, malicious prosecution, retaliation, "false arrest warrant," "fabrication of evidence," "illegal child seizure," "unlawful taking and destruction of property," and *Monell* liability.[2]

Plaintiffs allege that on May 14th and 15th of 2025, officers (Plaintiffs do not specify, but presumably they are referring to the LVMPD officers) unlawfully entered Plaintiffs' backyard

---

[2] The Court summarizes Plaintiffs' claims and does not intend these to be findings of fact.

and arrested Christopher without probable cause.  Those officers "deployed a drone," "froze" Plaintiffs' home, and conducted a search, all before securing a warrant.  The warrant was not issued until 2:39 AM, long after the officers had searched and seized property.  The officers "fabricated exigency, falsely claimed a knock and talk occurred, and omitted the illegal freeze and timeline in reports."

On an unspecified date, Child Protective Services removed Christopher's son twice without a warrant or emergency.  The family court "dismissed all allegations."  Animal Control also seized Plaintiffs' dogs on an unspecified date despite "internal memos" stating that they should not have been removed and were not in danger.  The dogs were later neutered, which destroyed a multimillion dollar breeding program.

Two criminal cases (it is unclear if they are related to the previous allegations) were dismissed on August 13, 2025, and a third was dismissed on November 5, 2025.  Nonetheless the District Attorney "secretly filed an indictment on October 30 using the same suppressed and dismissed evidence."  Plaintiffs seek $50 million in damages, injunctive relief, and attorney's fees under 42 U.S.C. § 1988.

Plaintiffs do not allege sufficient facts to state a claim upon which relief can be granted.  They often do not identify the dates that incidents occurred or which Defendants were involved.  They also do not explain which claims they bring against which Defendants and why.  Ultimately, Plaintiffs do not provide details, but rather rely on legal conclusions.  For example, Plaintiffs allege that officers "fabricated exigency," but do not explain what facts the officers fabricated, which officers fabricated those facts, when, or why that violated Plaintiffs' rights.  Without more detail, the Court cannot find that Plaintiffs have alleged a claim upon which relief can be granted.  The Court will therefore dismiss Plaintiffs' complaint without prejudice and with leave to amend.

## **ORDER**

**IT IS THEREFORE ORDERED** that Plaintiffs' applications to proceed *in forma pauperis* (ECF Nos. 6, 7) are **granted.**  Plaintiffs shall not be required to pre-pay the filing fee. Plaintiffs are permitted to maintain this action to conclusion without the necessity of prepayment

of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the amended complaint (ECF No. 8) is the operative complaint.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (ECF No. 8) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiffs will have until **March 26, 2026,** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiffs choose to amend the complaint, Plaintiffs are informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiffs a copy of this order.

DATED: February 24, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE